IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER HURLEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 12-00563-KD-M |
| | ) | |
| HAROLD ROGERS, *et al.*, | ) | |
|     Defendants. | ) | |

**ORDER**

This action is before the Court on Plaintiff's Rule 41(a) Notice of Voluntary Dismissal Without Prejudice (Doc. 12) wherein the Plaintiff endeavors to voluntarily dismiss her FLSA Complaint against the Defendants without prejudice.[1]

In the Complaint, Plaintiff asserts one (1) claim for relief: Count One for "FLSA Overtime" pursuant to the *Fair Labor Standards Act* contending that the Defendants failed and refused to compensate her for the overtime hours worked in excess of 40 hours per week as required under the FLSA. (Doc. 1). Thus, this case is governed by the *Fair Labor Standards Act*. In this circuit, the "FLSA provisions are mandatory" and "the 'provisions are not subject to negotiation or bargaining between employer and employee.'" Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Only two ways exist for the settlement or compromise of an employee FLSA claim: one is where an employee accepts payment supervised by the Secretary of Labor, [ ] the other is pursuant to 'a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by

---

[1] Rule 41 of the Federal Rules of Civil Procedure governs dismissals of actions and Rule 41(a)(1)(A)(i) governs voluntary dismissals by the plaintiff without a court order before a defendant answers or moves for summary judgment (as is the case here as defendants have only filed a motion to dismiss).

the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" Silva, 307 Fed. Appx. at 351.

Plaintiff did not inform the Court as to why she stipulates to the dismissal of her case against the Defendants.  Therefore, the Court is without sufficient information to ascertain whether there has been a settlement or compromise of Plaintiff's FLSA claim against the Defendants, or whether the stipulation is based on some other grounds.  Accordingly, because this is an FLSA case, the Notice of Voluntary Dismissal can not be granted at this time.

However, Plaintiff is **GRANTED LEAVE** to file a Supplement to the Notice of Voluntary Dismissal, on or before **October 30, 2012**, explaining whether the dismissal is based on a settlement or compromise of her claims, or on some other grounds, at which time the Court will take the Notice of Voluntary Dismissal (as Supplemented) under submission.

**DONE** and **ORDERED** this **23rd** day **of October 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**